# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FAHEEM ROCHESTER, | : | CIVIL NO. 1:CV-12-2291 |
| Plaintiff | : | (Judge Rambo) |
| v. | : | |
| RICHARD SOUTHERS, et al., | : | |
| Defendants | : | |

## **M E M O R A N D U M**

Plaintiff Faheem Rochester, an inmate currently incarcerated at the State Correctional Institution at Forest ("SCI-Forest") in Marienville, Pennsylvania, commenced this civil rights action by filing a complaint on November 19, 2012, pursuant to the provisions of 42 U.S.C. § 1983. (Doc. 1.) Named as Defendants are several prison officials from Plaintiff's former place of confinement, the State Correctional Institution in Camp Hill, Pennsylvania ("SCI-Camp Hill").[1] In the

---

[1] Named as Defendants are the following individuals from SCI-Camp Hill: former Deputy Superintendent Richard Southers; Unit Manager Whalen; Counselor Wendy Depew; Psychologist Miller; Sergeant Leete; Lieutenant Benner; Nurse Lisa Snyder ("Defendant Lisa"); Officer Crozier; and Officer McDermott. In the complaint, Plaintiff also names "Psych Doctor Jane Doe" as a Defendant. On November 28, 2012, a waiver of service was returned unexecuted as to this Defendant. To date, Plaintiff has failed to provide the court with the address of this Defendant. As the plaintiff is responsible for identifying the Defendants and providing their addresses in order to effectuate service, *see* Federal Rule of Civil Procedure 4(c)(1) ("The plaintiff is responsible for having the summons and complaint served . . ."), and the Plaintiff has failed to do so here, the matter will be dismissed as to Defendant Psych Doctor Jane Doe. *See Fulton v. United States*, 198 F. App'x 210, 214 (3d Cir. 2006) (stating plaintiff is responsible for identifying the parties named as defendants in order to effectuate service).

complaint, Plaintiff claims that Defendants violated his First, Eighth, and Fourteenth Amendment rights by failing to act after Plaintiff stated he was depressed and suicidal, and because officers assaulted and retaliated against him. Plaintiff seeks compensatory and declaratory relief.

Presently before the court is a motion to dismiss filed by several Defendants. (Doc. 13.) For the reasons set forth herein, the motion to dismiss will be granted in part and denied in part.

I. **Background**

In his complaint, Plaintiff provides the following factual background with respect to his claim.[2] On July 19, 2012, Plaintiff informed Ms. Depew, Mr. Whalen, and Mr. Miller that he was hearing voices, having violent thoughts, and needed help. (Doc. 1 at 2, 4.) Plaintiff alleges that he also told these individuals that he should not be in the Special Management Unit ("SMU"), and that he was depressed and suicidal; however, these individuals showed no concern and refused to help him. (*Id*. at 2.) Later that day, Plaintiff covered his cell window in order to get help. (*Id*. at 4.) In response, Plaintiff was sprayed with pepper spray and placed in a restraint chair. (*Id*.)

---

[2] For purposes of disposition of the instant motion to dismiss, the factual allegations asserted in the complaint will be accepted as true and viewed in a light most favorable to Plaintiff. *See infra* Part II.

On July 20, 2012, Plaintiff tried to hang himself and cut both of his wrists, "so I could die so I would not have to deal with the bad ways the officers was [sic] treating me." (*Id*.) Plaintiff wrote request slips informing Mr. Southers that staff members were retaliating against by making threats and encouraging him to commit suicide in response to Plaintiff's filing grievances. (*Id*.) Plaintiff also claims that unnamed staff were taunting him by placing things in his food and destroying his mail. (*Id*. at 2.) In addition, Plaintiff claims that Defendants Benner and Lisa refused to give him medical attention. (*Id*. at 5.)

On July 25, 2012, Plaintiff informed Sergeant Leete that he needed to see the nurse because he was feeling suicidal. (*Id*.) In response, Sergeant Leete told him that, since Plaintiff had spit on the nurse, he did not care if Plaintiff killed himself. (*Id*.) Sergeant Leete also threatened him, by telling him that some officers were already planning to "whip [Plaintiff's] ass" whenever they got the chance, and used racial epithets as he walked away. (*Id*.) Shortly after Sergeant Leete walked away, other officers used the unit loudspeaker to harass Plaintiff, yelling, "Kill yourself, kill yourself nigger." (*Id*.) Plaintiff then attempted to hang himself from his cell door. (*Id*.) Sergeant Leete came to the door and stated, "This is what I was waiting for." (*Id*.) Officer McDermott then entered Plaintiff's cell, took Plaintiff down from the cell door and laid him on the floor. (*Id*.) Furthermore, Plaintiff states that Sergeant

3

Leete and Officers McDermott and Crozier "assaulted" him after the failed suicide attempt. (*Id*. at 4.)

Plaintiff filed the instant complaint on November 19, 2012. (Doc. 1.) In the complaint, Plaintiff contends that Defendants violated his First, Eighth, and Fourteenth Amendment rights when they failed to act after Plaintiff stated he was depressed and suicidal, and that officers retaliated against him and assaulted him. By order dated November 20, 2012, the court directed service of the complaint. (Doc. 7.) On January 28, 2013, several Defendants filed a motion to dismiss the complaint (Doc. 13), and filed a brief in support on February 19, 2013 (Doc. 15).Pursuant to direction from the court (*see* Doc. 24), Plaintiff filed a brief in response on June 6, 2013 (Doc. 25). Although Defendants have not filed a reply brief, the time for responding has passed, and the motion to dismiss is now ripe for disposition.

## II. <u>Standard of Review - Motion to Dismiss</u>

Among other requirements, a sound complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Fair notice" in Rule

4

8(a)(2) "depends on the type of case[, because] some complaints will require at least some factual allegations to make out a showing that the pleader is entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (quotation omitted). "[A] situation may arise where, at some point, the factual detail in a complaint is so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." *Id*. In such a case, a defendant may attack a complaint by a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

In deciding a motion to dismiss under Rule 12(b)(6), the court is required to accept as true all of the factual allegations in the complaint, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007), and all reasonable inferences permitted by the factual allegations contained therein, *Watson v. Abington Twp.*, 478 F.3d 144, 150 (3d Cir. 2007), and view them in the light most favorable to the plaintiff, *Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007). If the facts alleged are sufficient to "raise a right to relief above the speculative level" such that the plaintiff's claim is "plausible on its face," a complaint will survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570) (explaining a claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"); *see also Phillips*,

5

515 F.3d at 234; *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007); *Stevenson v. Carroll*, 495 F.3d 62, 66 (3d Cir. 2007). Further, when a complaint contains well-pleaded factual allegations, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 664. However, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. at 678 (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id*.

"To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted); *see also Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007). The court may consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] document[s]." *Pension Benefit*, 998 F.2d at 1196. Additionally, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002) (citation omitted); *see also U.S. Express Lines, Ltd. v Higgins*, 281 F.3d

383, 388 (3d Cir. 2002) ("Although a district court may not consider matters extraneous to the pleadings, a document *integral to or explicitly relied* upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment" (internal quotation omitted)). However, the court may not rely on other parts of the record in making its decision. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003); *Youse v. Carlucci*, 867 F. Supp. 317, 318 (E.D. Pa. 1994). Such a complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Finally, in the Third Circuit, a court must grant leave to amend before dismissing a civil rights complaint that is merely deficient. *See, e.g.*, *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007); *Weston v. Pennsylvania*, 251 F.3d 420, 428 (3d Cir. 2001); *Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." *Alston v. Parker*, 363 F.3d 229, 236 (3d Cir. 2004).

**III. Discussion**

In order to state a viable Section 1983 claim, a plaintiff must plead two essential elements: 1) that the conduct complained of was committed by a person acting under color of state law; and 2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution and laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988). The defendant's conduct must have a close causal connection to the plaintiff's injury in order for Section 1983 liability to attach. *Martinez v. California*, 444 U.S. 277, 285 (1980).³ A prerequisite for a viable civil rights claim is that the defendant directed, or knew of and acquiesced in, the deprivation of the plaintiff's constitutional rights. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988). On its face, Section 1983 creates no exceptions to the liability it imposes, nor does it speak of immunity for any individual who might deprive another of civil rights. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 268 (1993). Nevertheless, it is well-settled that certain government officials possess immunity from Section 1983 liability. *Id*.

---

³ The Court in *Martinez* explained: "Although a § 1983 claim has been described as 'a species of tort liability,' it is perfectly clear that not every injury in which a state official has played some part is actionable under that statute." *Martinez*, 444 U.S. at 285 (internal citations omitted).

In the instant motion to dismiss, Defendants seek partial dismissal of the complaint on the basis that: (1) Plaintiff's claims for money damages against Defendants in their official capacities should be dismissed for failure to state a claim; (2) Plaintiff has failed to allege personal involvement by Defendants Southers and Lisa with respect to his § 1983 claims; and (3) Plaintiff has failed to state a claim of excessive force against Defendants Sergeant Leete and Officers Crozier and McDermott. The court will address these arguments in turn.

### A. **Official Capacity**

Defendants contend that the Eleventh Amendment bars Plaintiff's claims for money damages against them in their official capacities. The Eleventh Amendment precludes federal court jurisdiction over suits by private parties against states or their agencies unless sovereign immunity has expressly been waived. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). By statute, the Commonwealth of Pennsylvania has specifically withheld its consent to be sued. *See* 42 Pa. Cons. Stat. Ann. § 8521(b); *see also Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981). The doctrine of sovereign immunity also extends to a state official in his or her official capacity because "it is not a suit against the official but rather is a suit against the official's office. As such it is no different from a suit against the State itself." *Garden State Elec. Inspection Servs. v. Levin*, 144 F. App'x 247, 151 (3d Cir. 2005)

9

(quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). In *Will*, the Supreme Court held that a state and state officers acting in their official capacities are not "persons" against whom a claim for money damages under § 1983 can be asserted. *Will*, 491 U.S. at 64. However, the Eleventh Amendment does not preclude a suit against a state official acting in his or her individual or personal capacity. *Hafer v. Melo*, 502 U.S. 21, 31 (1991); *Ex parte Young*, 209 U.S. 123, 159-60 (1908); *Koslow v. Pennsylvania*, 302 F.3d 161, 168 (3d Cir. 2002). Based on this well-settled law, Plaintiff's claims for money damages against all of the Defendants in their official capacities will be dismissed. To the extent that Plaintiff has brought § 1983 claims against Defendants in their individual capacities, however, those claims remain viable. *See Hafer*, 502 U.S. at 31 ("We hold that state officials, sued in their individual capacities, are 'persons' within the meaning of § 1983.").

### B. Personal Involvement - Defendants Souther and Lisa

Defendants argue that Plaintiff has failed to state a claim against Defendants Southers and Lisa because he has failed to establish their personal involvement for purposes of § 1983. Upon review, the court will grant the motion to dismiss on this claim as to Defendant Southers, but will deny it with respect to Defendant Lisa.

It is well established that personal liability under Section 1983 cannot be imposed upon a state official based on a theory of *respondeat superior*. *See, e.g.*,

*Rizzo v. Goode*, 423 U.S. 362, 368 (1976); *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077, 1082 (3d Cir. 1976). It is also well settled in the Third Circuit that, for a Section 1983 claim to be adequately pled, the complaint's allegations must show that each named defendant was personally involved in the alleged constitutional deprivations. *Hampton*, 546 F.2d at 1082. As the court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

*Rode*, 845 F.2d at 1207 (citations omitted). An allegation seeking to impose liability on a defendant based on supervisory status, without more, will not be subject the official to Section 1983 liability. *Id*. at 1208.

In the instant motion to dismiss, Defendants Southers and Lisa argue that Plaintiff has failed to establish their personal involvement under Section 1983. First, as to Defendant Southers, Plaintiff alleges that he filed an inmate grievance with Defendant Southers, the Deputy Superintendent, informing him that officers in the SMU were retaliating against him. Although Plaintiff alleges some facts that indicate that Defendant Southers may have been aware of Plaintiff's concerns with alleged retaliation by corrections officers based on Plaintiff's filing of grievances, Plaintiff

11

cannot assert liability against Defendant Southers based on his involvement in reviewing and/or affirming grievance decisions alone. The filing of a grievance is insufficient to show the actual knowledge necessary for personal involvement. *Rode*, 845 F.2d at 1208. And while prisoners have a constitutional right to seek redress of their grievances from the government, that right is the right of access to the courts, which is not compromised by the failure of the prison to address grievances. *Wilson v. Horn*, 971 F. Supp. 943, 947 (E.D. Pa. 1997). In short, to the extent that Plaintiff is seeking to impose liability against Defendant Southers based solely on his role in denying Plaintiff's grievances and possibly any appeals therefrom, such a claim cannot succeed as participation in the after-the-fact review of a grievance or appeal is not enough to establish personal involvement. *See Rode*, 845 F.2d at 1208 (finding the filing of a grievance is not enough to show the actual knowledge necessary for personal involvement); *Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006) (holding that a state prisoner's allegation that prison officials and administrators responded inappropriately, or failed to respond to a prison grievance, did not establish that the officials and administrators were involved in the underlying allegedly unconstitutional conduct): *Croom v. Wagner*, Civ. No. 06-1431, 2006 WL 2619794, *4 (E.D. Pa. Sept. 11, 2006) (holding that neither the filing of a grievance nor an appeal of a grievance is sufficient to impose knowledge of any wrongdoing); *Ramos*

*v. Pennsylvania Dept. of Corr.*, Civ. No. 4:CV-06-1444, 2006 WL 2129148, *2 (M.D. Pa. July 27, 2006) (holding that the review and denial of the grievances and subsequent administrative appeal does not establish personal involvement). For these reasons, the court finds that Plaintiff's claim related to Defendant Southers's denial of Plaintiff's grievances concerning retaliation fails to establish that defendant's personal involvement for purposes of Section 1983. As this is the only allegation against this defendant in the complaint, Defendant Southers will be dismissed as a party in this action.

Defendant Lisa argues that Plaintiff makes no allegations against her other than to identify her as a nurse at SCI-Camp Hill. However, Plaintiff's complaint does assert an allegation that Defendant Lisa failed to provide him with medical attention during the relevant time period. (*See* Doc. 1 at 5.) Given this allegation set forth in the complaint, and taking the allegations as true for purposes of the instant motion, the court will deny the motion to dismiss as to Defendant Lisa and allow the claim against her to proceed.

### C. Excessive Force

Defendants argue that Plaintiff has failed to establish a claim against Defendants Sergeant Leete and Officers Crozier and McDermott for excessive force.

Upon review, the court agrees and will grant the motion to dismiss on this claim. However, Plaintiff will be afforded an opportunity to file an amended complaint.

In order for a prisoner to state an Eighth Amendment claim for the excessive use of force by a prison official, he must establish that the force was not applied in a good-faith effort to maintain or restore discipline, but that it was maliciously and sadistically used to cause harm. *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). "In determining whether a correctional officer has used excessive force in violation of the Eighth Amendment, courts look to several factors including: (1) 'the need for the application of force;' (2) 'the relationship between the need and the amount of force that was used;' (3) 'the extent of injury inflicted;' (4) 'the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of the facts known to them;' and (5) 'any efforts made to temper the severity of a forceful response.'" *Brooks v. Kyler*, 204 F.3d 102, 106 (3d Cir. 2000) (quoting *Whitley v. Albers*, 475 U.S. 312, 321 (1986)). The prisoner need not show significant injury to state an excessive use of force claim. *Hudson*, 503 U.S. at 8, 10. However, "[t]hat is not to say that every malevolent touch by a prison guard gives rise to a federal cause of action. The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de mimimis* uses of

physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Id*. at 9-10 (citations omitted).

Moreover, in assessing a claim of cruel and unusual punishment, a court must bear in mind that "a prison's internal security is peculiarly a matter [for] the discretion of prison administrators." *Whitley*, 475 U.S. at 321 (quoting *Rhodes*, 452 U.S. at 349 n.14)). Prison officials "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Id.* at 321-22 (quoting *Bell v. Wolfish*, 441 U.S. 520, 547 (1979)). As a general rule, judges should not second guess decisions made by prison administrators faced with disturbances or other emergencies affecting prison security. *Id*. at 322.

In this case, Plaintiff's complaint claims only that, on July 25, 2012, Defendants Sergeant Leete and Officers Crozier and McDermott "assaulted" him after he attempted to hang himself in his cell. (Doc. 1 at 4.) This conclusory statement, that these Defendants' actions constituted an "assault," is insufficient to support a separate claim. Moreover, this statement, as plead, neither makes clear exactly which actions of these Defendants constituted an "assault" nor whether the "assault" was related to the officers' attempt to take Plaintiff down from the cell door and place him

15

on the floor. (*See id*. at 2.) Without more, this vague and conclusory claim of assault against these three Defendants does not satisfy any of the factors for determining whether excessive force was used, and thus is not sufficient to state a viable Eighth Amendment claim. As a result, this claim will be dismissed. However, Plaintiff will be given an opportunity to file an amended complaint. *See Fletcher Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007). Plaintiff is advised that the amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed. *Young v. Keohane*, 809 F. Supp. 1185, 1189 (M.D. Pa. 1992). Therefore, the amended complaint should include allegations relating to not only this Eighth Amendment claim, but also Plaintiff's other claims asserted in his original complaint not disposed of as a result of the instant motion to dismiss.

## IV. <u>Conclusion</u>

For the reasons stated above, the motion to dismiss will be granted in part and denied in part. Plaintiff's claims for money damages against Defendants in their official capacities will be dismissed. Further, the claim against Defendant Southers will be dismissed and this Defendant will be terminated as a party in this action. The

claim against Defendant Lisa may proceed. Finally, Plaintiff's claim of excessive use of force by Defendants Sergeant Leete and Officers McDermott and Crozier will be dismissed, but Plaintiff will be given an opportunity to file an amended complaint.

An appropriate order will issue.

S/SYLVIA H. RAMBO  
United States District Judge

Dated: August 5, 2013.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FAHEEM ROCHESTER,** | : | **CIVIL NO. 1:CV-12-2291** |
| Plaintiff | : | |
| v. | : | (Judge Rambo) |
| **RICHARD SOUTHERS, et al.,** | : | |
| Defendants | : | |

## O R D E R

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

1) The Clerk of Court is directed to terminate Defendant "Psych Doctor Jane Doe" as party in this action.

2) Defendants' motion to dismiss (Doc. 13) is **GRANTED** as to Defendant Southers, and Defendant Southers shall be terminated as a party in this action.

3) Defendants' motion to dismiss (Doc. 13) is **DENIED** as to Defendant Nurse Lisa Snyder.

4) Defendants' motion to dismiss (Doc. 13) is **GRANTED** as to Plaintiff's Eighth Amendment excessive use of force claim against Defendants Sergeant Leete and Officers McDermott and Crozier, without prejudice to Plaintiff's ability to file an amended complaint.

5) Plaintiff's amended complaint shall be filed in accordance with the instructions set forth in the accompanying memorandum no later than August 15, 2013.

6) Failure to timely comply with this order will result in the court proceeding on the original complaint.

S/SYLVIA H. RAMBO<br>United States District Judge

Dated: August 5, 2013.